# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

CLINTON STRANGE,

*Plaintiff*

**RECEIVED**

DEC 1 0 2020

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY:

v.

U.S. AUTOCARE;

a Fictitiously Named Entity

*Defendant*

## CIVIL ACTION COMPLAINT

## FOR VIOLATIONS OF:

## THE TELEPHONE CONSUMER PROTECTION ACT of 1991

## PRELIMINARY STATEMENTS:

1. Plaintiff *pro se* Clinton Strange brings this private enforcement action in good faith against fictitiously named Defendant U.S. Autocare ("DEFENDANT") for allegedly placing "spoofed" autodialed telephone solicitations to his cellphone number 318-423-5057 which is registered on the Federal and Louisiana Do Not Call registries without his consent and absent an established business relationship in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"). Plaintiff is unaware of the Defendant's true identity at this time but is described herein as the enduser subscriber of the phone number 318-633-0055 on June 11, 2020 at 4:49pm CST that was ported or allocated across the Exiant VoIP Network of Interconnected VoIP. Plaintiff will seek leave of the Court to conduct limited expedited discovery prior to a Rule 26(f) conference to the end that he may serve Rule 45 subpoenas on the Interconnected VoIP Telecommunications Companies (through a technique called "traceback") to determine the Defendant's true identity; then amend his complaint accordingly.

2. Plaintiff seeks a maximum award of damages, injunctive relief, together along with post judgment interest, and costs of bringing and litigating the action.

## JURISDICTION & VENUE:

3. **Jurisdiction** primarily arises under a Federal Question as the TCPA is a Federal Statute pursuant to 28 U.S.C. § 1331.

4. **Supplemental Jurisdiction** would be properly exercised over the Plaintiff's State Law claims as the were born out of the same alleged misconduct that is under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1367.

5. **Venue** lies proper in this U.S. District as the calls were made to: (1) solicit a Louisiana insurance product (2) to a Louisiana Consumer (3) using North Louisiana local

neighborhood spoofed Caller ID numbers (4) directed to a cellphone with a 318-area

code and (5) the majority of [35/36] calls were received by [Plaintiff] a Louisiana

Consumer in the Western District of Louisiana pursuant to 28 U.S.C. § 1391.

## THE PARTIES:

6. **Plaintiff CLINTON STRANGE** is an adult individual residing at the address of:

CLINTON STRANGE

7021 WINBURN DRIVE

GREENWOOD, LA 71033

7. **Defendant U.S. AUTOCARE** is described herein as the enduser subscriber of the phone

number 318-633-0055 on June 11, 2020 at 4:49pm CST that was ported or allocated

across the Exiant VoIP Network of Interconnected VoIP.

## THE FACTUAL ALLEGATIONS:

### The (36) Documented Calls

8. On November 22, 2019 at 1:37pm CST the Plaintiff recalls that he was eating lunch with

his mother at the Ritz Carlton Hotel in Dallas, Texas. The Defendant's Automatic

Telephone Dialing System ("ATDS") initiated [placed] a call to the Plaintiff's cellphone

number 318-423-5057 utilizing an illegal connected Caller ID spoofing technology that

displayed [caused to be displayed] the telephone number of 318-887-9862. Plaintiff stood

up from the dining table, fished his cellphone out of his pants pocket and looked at the

Caller ID screen and tried to "swipe-to-answer" because the number was a local number.

The Plaintiff was unable to swipe-to answer before the Defendant's ATDS disconnected

the call. The Plaintiff represents that the below image labeled Figure A is a true and

accurate representation of his cellphone's screen (referred to as a screen capture or

screenshot) of his cellphone in regard to the call referenced herein.



| Figure A | Figure B | Figure C |

9. On November 25, 2019 at 12:19pm CST the Plaintiff was at his home in Caddo Parish, Louisiana trying to prepare his lunch when Defendant's ATDS placed another call to his cellphone number 318-423-5057 that displayed the Caller ID number 318-887-9038. The Plaintiff rushed to the other part of his home where his cellphone was and answered the call. The Plaintiff said repeatedly "hello hello", but Defendant's ATDS did not have an agent available to accept the call and Defendant's ATDS disconnected the call after eleven (11) seconds. The Plaintiff represents that the above image labeled Figure B is a true and accurate representation of his cellphones screen in regard to the call herein.

10. On November 26, 2019 at 10:59am CST the Defendant's ATDS placed the first of Eight (8) illegal calls to the Plaintiff's cellphone number 318-423-5057 for that day. The Plaintiff recalls that he was in his kitchen preparing his lunch when the above referenced call came in. The Plaintiff rushed to the living room where his cellphone was charging and answered it because it displayed a local number 318-887-9578. Plaintiff recalls saying "hello hello, hello", but Defendant's ATDS did not have an agent to connect the

Plaintiff with so the ATDS disconnected the call after thirteen (13) seconds. The Plaintiff represents that the above image labeled Figure C is a true and accurate representation of his cellphone's screen in regard to the call referenced herein.

11. On November 26, 2019 at 11:28am CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone number 318-887-9319. The Plaintiff represents that the below Figure D is a true and accurate representation of his cellphone's screen in regard to the call. The ATDS after a few seconds of silence, and then making a sound that sounded like a coin dropping into a wishing well ["boop"], connected the Plaintiff with one of the Defendant's agents who explained that the call was in regard to a lower rate automobile insurance policy. The agent asked a series of vetting questions before attempting to connect the Plaintiff with a Louisiana Licensed Insurance Agent. After several unsuccessful attempts (where the Plaintiff was conferenced in to a 3-way outbound call attempting to reach said Louisiana Licensed Agent) the Defendant's agent and Plaintiff engaged in an abbreviated conversation in which Plaintiff demanded not to receive any future calls from U.S. Autocare marketing automobile insurance or the Plaintiff would sue them so hard that they will likely have to live in a cardboard box [or words to that effect].



**Figure D**                    **Figure E**                    **Figure F**

12. On November 26, 2019 at 2:04pm CST the Defendant, apparently undeterred by the
Plaintiff's Do-Not-Call Demand and clearly invoked litigation threat [a promise], placed
the 3rd of Eight (8) calls [that day] that displayed a local neighborhood spoofed Caller ID
of 318-887-9849. Plaintiff recalls answering that call, and after a few seconds of silence,
and then making a sound that sounded like a coin dropping into a wishing well ["boop"],
and feigning interest in the Defendant's offer to obtain lower rate Louisiana Automobile
Insurance and going through a series of vetting questions with the Defendant's agent
before being conferenced in to a 3-way call attempt session that failed because the
Louisiana Licensed Agent could not / did not answer the call. The Plaintiff represents that
the above image labeled Figure E is a true and accurate representation of his cellphone's
screen in regard to the call referenced herein.

13. On November 26, 2019 at 2:07pm CST the Defendant's ATDS again placed a call to the
Plaintiff's cellphone number 318-423-5057 utilizing a local neighborhood spoofed Caller
ID that displayed as 318-887-9767. The Plaintiff answered the call and after a few

seconds of silence, and then making a sound that sounded like a coin dropping into a wishing well ["boop"], subsequently was connected with one of the Defendant's agents who went though a series of vetting questions and tried to connect / conference Plaintiff in to a 3-way call with a Louisiana Licensed Insurance Agent. The attempts [to connect with a Louisiana Licensed Insurance Agent] failed and Defendant disconnected the call. The Plaintiff represents that the above image labeled as Figure F is a true and accurate representation of his cellphone's screen in regard to the call referenced herein.



**Figure G**                **Figure H**                **Figure I**

14. On November 26, 2019 at 2:56pm CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local neighborhood spoofed Caller ID number of 318-887-9476. The Plaintiff represents that the above image labeled Figure G is a true and accurate representation of the Plaintiff's cellphone screen in regard to the call that Defendant's ATDS placed to Plaintiff's cellphone that Plaintiff answered, but due to the unavailability of an agent the ATDS disconnected the call after 12 seconds.

15. On November 26, 2019 at 3:29pm CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local neighborhood spoofed Caller ID number of 318-887-9609. The Plaintiff represents that the above image labeled Figure H is a true and accurate representation of the Plaintiff's cellphone screen in regard to the call that Defendant's ATDS placed to Plaintiff's cellphone that Plaintiff answered, but due to the unavailability of an agent the ATDS disconnected the call after 11 seconds.

16. On November 26, 2019 at 3:37pm CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local neighborhood spoofed Caller ID number of 318-887-9929. The Plaintiff represents that the above image labeled Figure I is a true and accurate representation of the Plaintiff's cellphone screen in regard to the call that Defendant's ATDS placed to Plaintiff's cellphone that Plaintiff answered, but due to the unavailability of an agent the ATDS disconnected the call after 12 seconds.

17. On November 26, 2019 at 3:40pm CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local neighborhood spoofed Caller ID number of 318-887-9585. The Plaintiff represents that the below image labeled Figure J is a true and accurate representation of the Plaintiff's cellphone screen in regard to the call that Defendant's ATDS placed to Plaintiff's cellphone that Plaintiff answered, but due to the unavailability of an agent the ATDS disconnected the call after 11 seconds.



**Figure J**                    **Figure K**                    **Figure L**

18. On November 30, 2019 at 2:49pm CST the Defendant's ATDS placed a call to the
    Plaintiff's cellphone number 318-423-5057 utilizing a local neighborhood spoofed Caller
    ID number of 318-887-9585. The Plaintiff represents that the above image labeled Figure
    K is a true and accurate representation of the Plaintiff's cellphone screen in regard to the
    call that Defendant's ATDS placed to Plaintiff's cellphone that Plaintiff answered, but
    due to the unavailability of an agent the ATDS disconnected the call after 11 seconds.

19. On December 2, 2019 at 9:24am CST the Defendant's ATDS placed a call to the
    Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone
    number 318-887-9243. The Plaintiff represents that the above Figure L is a true and
    accurate representation of his cellphone's screen in regard to the call. The ATDS after a
    few seconds of silence, and then making a sound that sounded like a coin dropping into a
    wishing well ["boop"], connected the Plaintiff with one of the Defendant's agents who
    had to endure the Plaintiff's wrath and anger at being woken up. The agent disconnected
    the call 19 seconds in.



**Figure M**          **Figure N**          **Figure O**

20. On December 2, 2019 at 10:08am CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone number 318-887-9968. The Plaintiff represents that the above Figure M is a true and accurate representation of his cellphone's screen in regard to the call. The ATDS was unable to connect Plaintiff to one of the Defendant's agents due to one was not readily available; so it [the ATDS] disconnected the call after 11 seconds.

21. On December 2, 2019 at 4:37pm CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone number 318-887-9853. The Plaintiff represents that the above Figure N is a true and accurate representation of his cellphone's screen in regard to the call. The ATDS was unable to connect Plaintiff to one of the Defendant's agents because one (an agent) was not readily available; so it [the ATDS] disconnected the call after 12 seconds.

22. On December 3, 2019 at 8:19am CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone number 318-887-9968. The Plaintiff represents that the call woke Plaintiff up and made

the Plaintiff mad and angry. The Plaintiff represents to the Court that the above Figure O

is a true and accurate representation of his cellphone's screen in regard to the call. The

Defendant's ATDS was able to connect [Plaintiff] to one of the Defendant's agents that

after a series of vetting questions attempted to 3-way call / conference in the Plaintiff

with a Louisiana Licensed Automobile Insurance Agent.



**Figure P**                    **Figure Q**                    **Figure R**

23. On December 3, 2019 at 12:41pm CST the Defendant's ATDS placed a call to the

    Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone

    number 318-887-9931. The Plaintiff represents that the above Figure P is a true and

    accurate representation of his cellphone's screen in regard to the call. The ATDS was

    unable to connect Plaintiff to one of the Defendant's agents due to one was not readily

    available; so it [the ATDS] disconnected the call after 18 seconds.

24. On December 3, 2019 at 2:04pm CST the Defendant's ATDS placed a call to the

    Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone

    number 318-887-9010. The Plaintiff represents that the above Figure Q is a true and

accurate representation of his cellphone's screen in regard to the call. The ATDS was

unable to connect Plaintiff to one of the Defendant's agents due to one was not readily

available; so it [the ATDS] disconnected the call after 19 seconds.

25. On December 3, 2019 at 2:32pm CST the Defendant's ATDS placed a call to the

Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone

number 318-887-9574. The Plaintiff represents that the above Figure R is a true and

accurate representation of his cellphone's screen in regard to the call. The ATDS was

unable to connect Plaintiff to one of the Defendant's agents because one was not readily

available; so it [the ATDS] disconnected the call after 31 seconds.

26. On December 3, 2019 at 4:56pm CST the Defendant's ATDS again placed a call to the

Plaintiff's cellphone number 318-423-5057 utilizing a spoofed Caller ID that displayed as

630-732-2210. The Plaintiff answered the call and after a few seconds of silence, and

then making a sound that sounded like a coin dropping into a wishing well ["boop"],

subsequently was connected with one of the Defendant's agents who went though a series

of vetting questions and tried to connect / conference Plaintiff in to a 3-way call with a

Louisiana Licensed Insurance Agent. The attempts [to connect with a Louisiana Licensed

Insurance Agent] failed and Defendant disconnected the call. The Plaintiff represents that

the below image labeled as Figure S (lower) is a true and accurate representation of his

cellphone's screen in regard to the call referenced herein.

27. On December 3, 2019 at 5:02pm CST the Defendant's ATDS again placed a call to the

Plaintiff's cellphone number 318-423-5057 utilizing a spoofed Caller ID that displayed as

630-732-2210. The Plaintiff answered the call and after a few seconds of silence, and

then making a sound that sounded like a coin dropping into a wishing well ["boop"],

subsequently was connected with one of the Defendant's agents who went though a series

of vetting questions and tried to connect / conference Plaintiff in to a 3-way call with a

Louisiana Licensed Insurance Agent. The attempts [to connect with a Louisiana Licensed

Insurance Agent] failed and Defendant disconnected the call. The Plaintiff represents that

the below image labeled as Figure S (upper) is a true and accurate representation of his

cellphone's screen in regard to the call referenced herein.



**Figure S**          **Figure T**          **Figure U**

28. On December 3, 2019 at 5:16pm CST the Defendant's ATDS placed a call to the

Plaintiff's cellphone number 318-423-5057 utilizing a spoofed Caller ID telephone

number 630-732-2210. The Plaintiff represents that the above Figure T is a true and

accurate representation of his cellphone's screen in regard to the call. The Plaintiff recalls

that he tried to leave his dining room area where he was enjoying his dinner to try and

[answer] take the call, but was too late, and the ATDS disconnected the call.

29. On December 6, 2019 at 11:55am CST the Defendant's ATDS placed a call to the

Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone

number 318-887-9003. The Plaintiff represents that the above Figure U is a true and accurate representation of his cellphone's screen in regard to the call. The ATDS was unable to connect Plaintiff to one of the Defendant's agents due to one was not readily available; so it [the ATDS] disconnected the call after 12 seconds.

30. On December 6, 2019 at 4:48pm CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone number 318-887-9342. The Plaintiff represents that the below Figure V is a true and accurate representation of his cellphone's screen in regard to the call. The ATDS was unable to connect Plaintiff to one of the Defendant's agents due to one was not readily available; so it [the ATDS] disconnected the call after 25 seconds.



**Figure V**                **Figure W**                **Figure X**

31. On December 10, 2019 at 9:16am CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone number 318-887-9680. The Plaintiff represents that the above Figure W is a true and accurate representation of his cellphone's screen in regard to the call. The ATDS was

unable to connect Plaintiff to one of the Defendant's agents due to one was not readily available; so it [the ATDS] disconnected the call after 12 seconds.

32. On December 10, 2019 at 9:21am CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone number 318-887-9349. The Plaintiff represents that the above Figure X is a true and accurate representation of his cellphone's screen in regard to the call. The ATDS was unable to connect Plaintiff to one of the Defendant's agents due to one was not readily available; so it [the ATDS] disconnected the call after 12 seconds.

33. On December 10, 2019 at 9:32am CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone number 318-887-9571. The Plaintiff represents that the below Figure Y is a true and accurate representation of his cellphone's screen in regard to the call. The ATDS was unable to connect Plaintiff to one of the Defendant's agents due to one was not readily available; so it [the ATDS] disconnected the call after 11 seconds.

34. On December 10, 2019 at 10:18am CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone number 318-887-9070. The Plaintiff represents that the below Figure Z is a true and accurate representation of his cellphone's screen in regard to the call. The ATDS was unable to connect Plaintiff to one of the Defendant's agents due to one was not readily available; so it [the ATDS] disconnected the call after 11 seconds.

35. On December 10, 2019 at 2:15pm CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone number 318-887-9882. The Plaintiff represents that the below Figure AA is a true and

accurate representation of his cellphone's screen in regard to the call. The ATDS was unable to connect Plaintiff to one of the Defendant's agents due to one was not readily available; so it [the ATDS] disconnected the call after 12 seconds.

36. On December 10, 2019 at 3:49pm CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone number 318-887-9856. The Plaintiff represents that the below Figure BB is a true and accurate representation of his cellphone's screen in regard to the call. The ATDS was unable to connect Plaintiff to one of the Defendant's agents due to one was not readily available; so it [the ATDS] disconnected the call after 12 seconds.



**Figure Y**               **Figure Z**               **Figure AA**



**Figure BB**                    **Figure CC**                         **Figure DD**

37. On December 11, 2019 at 12:17pm CST the Defendant's ATDS placed a call to the

    Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone

    number 318-887-9197. The Plaintiff represents that the above Figure CC is a true and

    accurate representation of his cellphone's screen in regard to the call. The ATDS was

    unable to connect Plaintiff to one of the Defendant's agents due to one was not readily

    available; so it [the ATDS] disconnected the call after 16 seconds.

38. On December 11, 2019 at 12:24pm CST the Defendant's ATDS placed a call to the

    Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone

    number 318-887-9863. The Plaintiff represents that the above Figure DD is a true and

    accurate representation of his cellphone's screen in regard to the call. The ATDS was

    unable to connect Plaintiff to one of the Defendant's agents due to one was not readily

    available; so it [the ATDS] disconnected the call after 11 seconds.

39. On December 11, 2019 at 2:26pm CST the Defendant's ATDS placed a call to the

    Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone

number 318-887-9291. The Plaintiff represents that the below Figure EE is a true and accurate representation of his cellphone's screen in regard to the call. The ATDS (after seconds of silence then making a "boip" noise) was able to connect [Plaintiff] to one of the Defendant's agents that after a series of vetting questions attempted to 3-way call / conference in the Plaintiff with a Louisiana Licensed Automobile Insurance Agent. After several attempts to 3-way connect Plaintiff with an agent the Defendant's agent disconnected the call [after wasting about 1 minute and 16 seconds of the Plaintiff's time].

40. On December 11, 2019 at 2:28pm CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone number 318-887-9506. The Plaintiff represents that the below Figure FF is a true and accurate representation of his cellphone's screen in regard to the call. The ATDS was unable to connect Plaintiff to one of the Defendant's agents due to one was not readily available; so it [the ATDS] disconnected the call after 3 seconds.

41. On December 11, 2019 at 2:28pm CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone number 318-887-9291. The Plaintiff represents that the below Figure GG is a true and accurate representation of his cellphone's screen in regard to the call. The ATDS was unable to connect Plaintiff to one of the Defendant's agents due to one was not readily available; so it [the ATDS] disconnected the call after 6 seconds.

42. On December 11, 2019 at 4:20pm CST the Defendant's ATDS placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing a local spoofed Caller ID telephone number 318-887-9634. The Plaintiff represents that the below Figure H H is a true and

accurate representation of his cellphone's screen in regard to the call. The ATDS was unable to connect Plaintiff to one of the Defendant's agents due to one was not readily available; so it [the ATDS] disconnected the call after 11 seconds.



**Figure EE**        **Figure FF**        **Figure GG**



**Figure H H**        **Figure I I**

43. On June 11, 2020 at 4:49pm CST the Defendant placed a call to the Plaintiff's cellphone number 318-423-5057 from a Local Touch Direct Inward dial number (318-633-0055) ported or allocated to the Exiant VoIP network of interconnected VoIP. The pattern of conversation, vetting questions were identical to previous conversations in that Defendant was trying to sell / contact Plaintiff with a Louisiana Licensed Automobile Insurance Agent, but the 3-way calling effort failed. The call lasted 2 minutes and 36 seconds. The Plaintiff represents that the above image lable Figure I I is a true and accurate representation of the call referenced herein. Because when the call came in, the Plaintiff had his TV volume turned up loud, had an Air Conditioner, and Box Fan running he cannot attest that a ViciDial ATDS was in use [He could not/ did not audibly discern a "Boop" tone]. Nonetheless, the Plaintiff alleges that the person or entity that placed [via an ATDS or otherwise] is responsible and liable for this [the 36th call] and all the other 35 calls that preceded it.

### The Plaintiff's Allegations of ATDS Usage & Spoofing Software

44. At the beginning of each [connected] call the Plaintiff [received in 2019] heard a distinctive Vici Dial droplet tone.

45. The Defendant's dialer technology was interconnected or linked directly with a spoofing tool [interconnected software] that employed and actually utilized a random number generator that was set to transmit manipulated Caller ID information that began with the numbers 318-887-9. The random number generator would then select a three-digit number between 000 and 999 to form a complete (fake/inaccurate/misleading) nine - digit telephone number. Plaintiff believes and alleges that the software was windows based

and was either Excel for Microsoft 365 "RAND" based, or Excel 2010, Excel 2010 uses

the "Mersenne Twister" algorithm (MT19937) as depicted below in Figure JJ.



**Figure JJ**

https://support.microsoft.com/en-us/office/rand-function-4cbfa695-8869-4788-8d90-
021ea9f5be73

page last visited 11/17/2020 at 12:18am CST

## Plaintiff's Utilization of His Cellphone Residentially

46. Plaintiff uses his cellphone residentially as he is a Disabled Veteran compensated at
above the 100% rate since (2-years before) over or about the time the Defendant's
conduct began violating Plaintiff.

47. Plaintiff utilizes his cellphone as a residential phone line, a cooking timer for preparing
meals and recipes; also as a home telemedicine tool to connect Plaintiff with his VA
Medical Center Mental Health and Physician Team Providers through mobile apps such
as Vets App; also as a bedside alarm clock for knowing when to wake up and start his

day. Plaintiff also uses his cellphone as a Content Streaming Device using his cellphone's linked Google ChromeCast device for Home Television viewing.

### The Plaintiff's Harm & Damages

48. Plaintiff really hates what is termed as Robocalls. The Plaintiff does not like to receive calls (especially telemarketing calls) that are placed utilizing an ATDS to solicit products, goods, and or services that he is not really interested in. These calls waste the Plaintiff's time, and his Physical and Mental energy. They tie up his cellphone, cost him minutes off his plan, and occupy storage space on his cellphone's call log memory.

### Plaintiff's Efforts To Mitigate Harm & Damages

49. The Plaintiff registered his cellphone number on the U.S. Federal Trade Commission's Do-Not-Call Registry January 3, 2018 and the State of Louisiana DNC program Registry on August 2, 2018. This Court is likely aware that Plaintiff has brought *circa*. 60 suits to enforce the TCPA in many U.S. District Courts throughout this Country to convey the simple and straight forward message to telemarketers---- DO NOT CALL ME!

### THE COUNTS & CAUSES OF ACTION:

### COUNT I:

### (Plaintiff v. Defendant)

### Violations of The Telephone Consumer Protection Act of 1991
### Prohibition on Autodialed calls to a Cellphone - 47 U.S.C. § 227(b)

50. Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

51. Defendant placed at least 35 autodialed calls to the Plaintiff's cellphone without one *iota* of consent.

52. Defendant did so willfully and knowingly despite demands to stop.

53. Defendant is liable to Plaintiff for damages of $500 to $1,500 for each and every
violation [call] at the discretion of the Court or trier of fact.

### COUNT II:

### (Plaintiff v. Defendant)

### Violations of The Telephone Consumer Protection Act of 1991

### Prohibition on Calls to a DNC Registered # - 47 U.S.C. § 227(c)

54. Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at
length herein.

55. Defendant placed more than one [at least 36] calls to solicit products goods and or
services to a residential phone subscriber registered on the Federal Do Not Call List
within a one-year period.

56. Defendant did so willfully and knowingly despite demands to stop.

57. Defendant is liable to Plaintiff for damages of $500 to $1,500 for each and every call at
the discretion of the Court or trier of fact.

### CAUSE OF ACTION No. III:

### (Plaintiff v. Defendant)

### Violations of The Louisiana Caller ID Anti-Spoofing Act of 2009

### LA Rev. Stat. 51 §1741 *et seq.*

58. Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at
length herein.

59. Plaintiff alleges that Defendant's usage of Caller ID manipulative software and or
hardware technology that concealed the true identity of the Defendant [specifically
regarding calls # 1-35] deprived Plaintiff of his "thing of an actual value ascertainable by
virtue of statute and or law" articulated herein as the ability to recover TCPA and or other

damages under various laws. Plaintiff seeks up to $10,000.00 (Ten Thousand U.S.

Dollars) per violation at the discretion of the Court under this Cause of Action pursuant

to Louisiana Civil Code 2324.1 which states in relevant part: "In the assessment of

damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must

be left to the judge or jury."

## PRAYER FOR RELIEF:

~~~ **Jury Trial Demanded under the Seventh Amendment to the U.S. Constitution on all Issues So Triable~~**

**Wherefore,** Plaintiff seeks Judgment in Plaintiff's favor and Damages against the Defendant based on the following requested relief:

Statutory Damages;

Treble Damages;

Stacked Damages;

Actual Damages;

Enhanced Civil Penalties under State Law;

Enjoinder from future violations;

Post Judgment Interest;

Costs incurred inclusive of all fees (inclusive of attorney's fees if any);

and such other and further relief as the Court deems necessary just and proper.

Respectfully Submitted,

X _____

Clinton Strange
Pro Se
7021 Winburn Drive
Greenwood, LA 71033
(318) 423-5057
PARSMLLC@gmail.com

12 - 10 - 2020

Dated