UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLINTON STRANGE | CIVIL ACTION NO. 20-1613 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| U.S. AUTOCARE | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is a motion for default judgment filed by pro se Plaintiff Clinton Strange ("Strange"). Record Document 16. Strange seeks judgment against Global Bridge Communications, Inc. ("GBC") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Louisiana Anti-Spoofing Statute, La. R.S. § 51:1741.4. Based on the following analysis, Strange's motion for default judgment [Record Document 16] is **DENIED**.

### Background

The Supreme Court has aptly described the history and purpose of the TCPA: "In 1991, Congress passed and President George H. W. Bush signed the Telephone Consumer Protection Act. The Act responded to a torrent of vociferous consumer complaints about intrusive robocalls. A growing number of telemarketers were using equipment that could automatically dial a telephone number and deliver an artificial or prerecorded voice message." *Barr v. Am. Ass'n of Political Consultants, Inc*, 140 S. Ct. 2335, 2344 (2020). "Many consumers [were] outraged over the proliferation of intrusive, nuisance telemarketing calls to their homes." *Mims v. Arrow Fin. Servs.*, 565 U.S. 368, 372 (2012)

(original alterations omitted). As the Supreme Court has explained, "[i]n plain English, the TCPA prohibited almost all robocalls to cell phones." *Barr*, 140 S. Ct. at 2344.

In the instant case, Strange brought a TCPA private enforcement action against an unknown defendant, whom he dubbed "US Autocare." Record Document 1. Strange's pleadings allege that on January 3, 2018, he registered his cell phone number with the National Do-Not-Call Registry. Record Document 6 at 24. On August 2, 2018, he registered the number with Louisiana's Do-Not-Call Registry. *Id.* Despite these registrations, Strange submits that between November 2019 and June 2020, he received thirty-six unwanted calls to his cell phone. *Id.* at 25–27. He claimed the unknown defendant(s) placed auto-dialed calls to his cell phone with several variations of a telephone number with the same first seven digits: 318-887-9XXX.

After filing suit, Strange somehow linked these calls to spoofing and auto-dialing technology allegedly used by GBC, and its director, Moshin Ahmad ("Ahmad"). Record Document 6. *Id.* at 21–22. After Strange filed his amended complaint naming GBC and Ahmad as defendants, the Court issued a summons to both defendants. Only GBC's summons was returned executed. Record Document 12. GBC never answered the complaint or appeared in court to defend against this action, and Strange voluntarily moved to dismiss Ahmad. Record Document 17. Strange obtained the Clerk's Entry of Default against GBC on September 26, 2022. Record Document 15. He now moves for default judgment against GBC. In so doing, Strange asserts that GBC is liable for thirty-five violations of 47 U.S.C. § 227(b) and thirty-six violations of § 227(c)(5). These TCPA provisions permit a private right of action against unwanted callers, and both would

subject GBC to $500 in damages for each TCPA violation. Strange further argues that the GBC knowingly and willfully violated Section 227, which subjects it to the imposition of treble damages, which would amount to an award of $1,500 for each violation. Finally, Strange contends that GBC is liable for violating Louisiana's Caller ID Anti-Spoofing Act and seeks $35,000 in damages under the statute.

## Law and Analysis

### I. Default Judgment

Federal Rule of Civil Procedure 55 allows the Court to enter a default judgment when a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55. The Court must establish that a default judgment is appropriate in both procedure and substance. Procedurally, the plaintiff must show both default and an entry of default. "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

However, default does not by itself warrant entry of a default judgment. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Substantively, a plaintiff must "set[] forth facts establishing that it is entitled to relief." *United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008). When a defendant defaults, it is deemed to have admitted the plaintiff's well-pleaded allegations of fact but not any conclusions of

law nor any allegations of fact that are not well-pleaded. *Nishimatsu Constr.*, 515 F.2d at 1206. Finally, the relief ordered in default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Here, GBC defaulted when it filed no answer or defense to Strange's complaint. Upon Strange's motion, the Clerk of Court entered a notice of entry of default. Record Document 15. Hence, the procedural requirements for default judgment are met. The only issue for the Court to determine is whether a default judgment is warranted. That requires the Court to decide whether GBC is liable to Strange and, if so, determine the appropriate amount of damages he is owed, if any.

## II. The TCPA

### a. Section 227(b)

Strange first alleges a claim under Section 227(b)(1)(A)(iii) of the TCPA. This section makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA defines "automatic telephone dialing system" as equipment with the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator" and "to dial such numbers." 47 U.S.C. § 227(a)(1). "To state a claim under the TCPA for calls made to a cellular phone, a plaintiff is required to allege that a call was made to a cell or wireless phone by the use of any automatic dialing system or an artificial or prerecorded voice and without prior express consent of the called party."

4

*Cunningham v. TechStorm, LLC*, No. 3:16-CV-2879, 2018 WL 3118400, at *3 (N.D. Tex. May 29, 2018) (citations omitted).

Strange alleges that GBC made thirty-five calls to his phone using auto-dialing technology. In making the calls, Strange alleges GBC disguised its phone number with spoofing software, resulting in telephone number variations beginning with the same seven digits: 318-887-9XXX. Record Document 6 at 21–23. GBC allegedly made these calls over eight months, starting in November 2019 and ending in June 2020. Strange has attached pictures to his complaint of these incoming calls and their duration. *Id.* at 5–21.

In support of his allegation that an automatic dialing system was used, Strange claims that he was rarely connected to a live agent and always detected robotic noises stemming from the other line. Every one of these phone calls was eventually disconnected. At least once, however, Strange was able to speak with an agent who identified itself as "US Autocare." *Id.* at 6. Strange, in response, "demanded not to receive any future calls," threatening that he would sue the entity "so hard that they will likely have to live in a cardboard box." *Id.* Strange contends that all thirty-five of these auto-dialed calls originated from GBC's call center operation with the help of an intermediary who helped connect the calls, MAA Solutions. *Id.* at 23.

Unfortunately for Strange, his complaint lacks facts linking GBC's call center operation with any of the thirty-five calls made to his cellphone. As mentioned, Strange says the calling party was "U.S. Autocare," but nowhere does he explain how GBC is linked to US Autocare or any of the unwanted phone calls. Though Strange discovered that the "true identity" of Defendant was GBC rather than U.S. Autocare, the complaint provides

5

no explanation of how he came to that revelation. Record Documents 6 & 10. Without these necessary facts that link GBC to unlawful conduct, the Court cannot find GBC liable under the TCPA. Accordingly, default judgment as to Section 227(b) violations is denied with the right to re-urge.

  b. Section 227(c)(5)

Strange's second allegation against GBC is a violation of Section 227(c)(5). Section 227(c)(5) of the TCPA allows a private right of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity" in violation of the prescribed regulations. 47 U.S.C. § 227(c)(5). Essentially, this pertains to calls to persons on the National Do-Not-Call Registry. The specific language of the TCPA provides that the regulations implemented pursuant to Subsection 227(c) apply to telephone solicitations made to "residential telephone subscribers." 47 U.S.C. § 227(c)(1) ("[T]he Commission shall initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object."). Subsection (c) and its accompanying regulations in 47 C.F.R. § 64.1200(d)(3) impose minimum procedures for maintaining a do-not-call list that apply to all calls—live or automated—initiated for telemarketing purposes to residential telephone subscribers. *See Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011). But as with the alleged Section 227(b) violations, Strange's TCPA claims under this provision also fail. Strange cannot succeed in this case without sufficient facts connecting GBC to the calling numbers. Consequently, default judgment is also denied as to Strange's Section 227(c)(5) claim with the right to re-urge.

### III. La. R.S. Section 51:1741.4

Under Louisiana's Anti-Spoofing Act, it is "unlawful for a caller to knowingly insert false information into a caller identification system with the intent to mislead, defraud, deceive, cause harm, or wrongfully obtain anything of value." La. R.S. § 51:1741.4. Though the statute subjects offenders to treble damages, it does not specify the measure of those damages, leaving that determination to the judge or jury. *See* La. Civ. Code art. 2324.1. Still, "it is not clear that Strange is entitled to recover under both the TCPA and Louisiana's Anti-Spoofing Act for the same conduct." *Strange v. Davis*, No. 2:19-CV-2494, 2023 WL 2472650, at *6 (W.D. Tenn. Feb. 17, 2023), *report and recommendation adopted,* No. 2:19-CV-2494, 2023 WL 2472681 (W.D. Tenn. Mar. 10, 2023).

As mentioned, Strange claims that GBC employed a random number generator to transmit manipulated caller information that began with the digits 318-887-9XXX. According to Strange, GBC's random number generator would then choose digits between 000 and 999 to create a misleading telephone number. As with Strange's TCPA claims, however, Strange has not pleaded sufficient facts that lead to an inference that GBC used this technology to dial his cellphone. Strange is reminded that GBC is only deemed to have admitted the well-pleaded allegations in the complaint and amended complaint. Claims that fall short of that standard do not constitute legal admissions, nor do admissions result from legal conclusions masquerading as facts.

### Conclusion

The Court does not find that Strange's complaint offers well-pleaded allegations such that GBC can be held legally responsible for the violations alleged by Strange. If

Strange intends to secure a default judgment against GBC, he is expected to provide the Court with more than unsupported allegations or conclusions of law, neither of which will be accepted by the Court. Therefore, Strange's motion for default judgment [Record Document 16] be and is hereby **DENIED**.

**THUS DONE AND SIGNED** this 16th day of August, 2023.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE